IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN GORDON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **01-450-MJR** |
| | ) |
| **MICHAEL COOKSEY, et al.,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Defendants Bozman, Castillo-Lozano, Coogan, Dwyer, Hood, Jacobs, Keeney, Morris, Newbold, Ruehling, Williams, Wright and Young are before the Court seeking to dismiss the above-captioned civil rights case. **(Doc. 43).** The defendants argue that: (1) all claims are barred by the statute of limitations[1], or even if the statute of limitations was equitably tolled during the pendency of plaintiff's previous action (*Gordon v. Cooksey*, No. 97-cv-513-DRH (S.D.Ill)), then Counts 1, 2, 4 and 5 are barred; (2) plaintiff has failed to exhaust administrative remedies, as required by 42U.S.C. § 1997e(a); (3) plaintiff has failed to state an actionable claim in Counts 5, 6, 15 and 64; and (4) the defendants are entitled to qualified immunity based on the aforementioned perceived defects in the complaint. **(Doc. 44).** Plaintiff Gordon has never filed a response to the subject motion to dismiss.

---

[1]There is a two year statute of limitations period for civil rights claims. **See 735 ILCS 5/13-202; and** *Henderson v. Bolanda*, **253 F.3d 928, 931 (7th Cir. 2001).** Plaintiff's claims span the time period between June 20, 1995, and November 15, 1996. Plaintiff's 1997 case was pending for five years. The subject action was filed July 11, 2001– 10 months after the first batch of claims were dismissed for failure to exhaust administrative remedies, but 11 months before the final judgment in the 1997 case was entered.

1

The statute of limitations and the requirement that plaintiff exhaust available administrative remedies before filing suit relate to this Court's jurisdiction over the case, so they must be determined before the Court can even consider delving into whether plaintiff has stated viable claims, or whether the defendants are entitled to qualified immunity.

At first blush defendants' arguments are appealing. In accordance with *Elmore v. Henderson*, 277 F.3d 1009, 1011 (7th Cir. 2000), the Court's previous dismissal of plaintiff's claim in his 1997 action without prejudice did *not* itself toll the statute of limitations. However, the statute of limitations *may* be equitably tolled when, through no fault of his own, the plaintiff was unable to sue within the limitations period, but he sued as soon as he could. **Id. at 1013.** In addition, the limitations period *may* be tolled while administrative remedies are being pursued.[2] ***Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002) (citing *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001)).**

Plaintiff's claims stem from events while he was in federal custody at USP Marion. It appears that plaintiff had been released from USP Marion and federal custody when he filed this most recent action, and before the 1997 action was closed. Although plaintiff checked the box on the form complaint that he had exhausted administrative remedies, he also comments that there were "no results." **(Doc. 1, p. 3).** Whether administrative remedies were "available" for purposes of Section 1997e(a), and whether plaintiff properly exhausted them, remains to be seen. Likewise, it remains to be seen whether the interplay between the exhaustion requirement and

---

[2]The defendants argument that plaintiff is collaterally estopped from arguing that administrative remedies were unavailable because that argument filed in the 1997 action misses the mark. The question is whether plaintiff exhausted administrative remedies before filing *this* action.

the statute of limitations can save the day for plaintiff.

The defendant bears the burden of proving the affirmative defenses regarding the statute of limitations and the exhaustion requirement.  **Gildon v. Bowen**, 384 F.3d 883, 886 (7th Cir. 2004) (statute of limitations); and ***Dale v. Lappin***, 376 F.3d 652, 655 (7th Cir. 2004) (exhaustion).  Failure to respond to a motion *may* be considered an admission of the merits of the motion.  **Local Rule 7.1(g).**  In accordance with *Witzke v. Femal*, 376 F.3d 744 (7th Cir. 2004), prior to this Court issuing a report and recommendation on the defendants' motion to dismiss, plaintiff Gordon, who is proceeding pro se, shall be given a final opportunity to demonstrate what administrative remedies were available to him, what action he took, and to otherwise explain why the defendants' motion should not be granted.

**IT IS THEREFORE ORDERED** that, on or before **July 18, 2005**, plaintiff Gordon shall file a response to the defendants' motion to dismiss **(Doc. 43)**.  <u>No</u> extensions of time will be granted, as the motion has already been pending for over four months, and plaintiff's case has been pending for four years.

**IT IS SO ORDERED.**

**DATED:  June 22, 2005**

s/ Clifford J. Proud
CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE